STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

NOT FOR PUBLICATION

| | |
|---|---|
| KELLY MCCLUNEY, et al.,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF NEWARK, et al.,<br><br>    Defendant. | Civil Action No.<br>2:13-CV-1894-ES-SCM<br><br><br>**OPINION AND ORDER ON DEFENDANT'S MOTION TO AMEND ITS ANSWER**<br><br>**[D.E. 14]** |

## I. INTRODUCTION

This matter comes before the Court by way of motion by defendant National Railroad Passenger Corporation (hereafter "Defendant" or "Amtrak") to amend its the answer. (*See* Docket Entries ("D.E.") 14). For the reasons set forth below, Defendant's motion for leave to amend is **DENIED**.

## II. BACKGROUND

Plaintiff Kelly McCluney alleges that she was injured on January 8, 2011, when she fell into a hole on City Dock Street in Newark, New Jersey. (D.E. 1, Complaint, First Count at ¶ 2).[1] Defendants include the City of Newark, Consolidated Rail

---

[1] At this point in the proceedings we assume the truth of Plaintiff's allegations.

Corporation ("Conrail"), Amtrak, New Jersey Transit Corporation ("NJ Transit"), the State of New Jersey, Matrix/Newark City Dock, LLC, and the Public Service Electric and Gas Company ("PSE&G"). (Id.)  Plaintiff claims that her injuries were caused by defendants' negligent failure to maintain the property. (Id., Complaint, Second Count at ¶¶ 2-4).

The City of Newark, the State of New Jersey, New Jersey Transit, PSE&G, and Conrail have each filed cross-claims against each other defendant.  See (D.E. 4, 10, 11, and 13).  Amtrak has filed cross-claims against all but two of its co-defendants.  See (D.E. 3).  On May 6, 2013, Amtrak moved for leave to amend its pleading to assert cross-claims against Conrail and New Jersey Transit, and to add additional cross-claims for contractual indemnification against the other co-defendants. (D.E. 14-3).

### III. **DISCUSSION**

New Jersey Local Civil Rule 7.1 states as follows:

> **(f) Motions Regarding Additional Pleadings**
> Upon filing a motion for leave to file an amended complaint or answer, a complaint in intervention or other pleading requiring leave of Court, the moving party shall attach to the motion a copy of the proposed pleading or amendments and retain the original until the Court has ruled.  If

2

> leave to file is granted, the moving party
> shall file the original forthwith.

L. Civ. R. 7.1(f). "The purpose of Local Rule 7.1(f) is to give the Court and the parties a chance to evaluate the sufficiency of the proposed pleading." *Folkman v. Roster Financial*, 2005 U.S. Dist. LEXIS 18117 (D.N.J. 2005); *see also U.F.C.W. Local 56 v. J.D.'s Market*, 240 F.R.D. 149, 150 (D.N.J. 2007) (stating that one of the "cardinal rules" for a party seeking leave to amend a pleading is that a copy of the proposed amended pleading be attached to the motion). Failure to include a proposed pleading is a basis for dismissal of a party's motion to amend its pleading. *See, e.g., Tucker v. Wynne*, 2009 U.S. Dist. LEXIS 69546 (D.N.J. 2009); *Warren v. Gelardi*, 2009 U.S. Dist. LEXIS 2333 (D.N.J. 2009); *Parker v. Howmedica Osteonics Corp.*, 2008 U.S. Dist. LEXIS 2570 (D.N.J. 2008); *Trans World Techs. V. Raytheon Co.*, 2007 U.S. Dist. LEXIS 82118 (D.N.J. 2007).

Here, Defendant has not submitted a copy of a proposed amended answer with its motion to amend. Defendant's failure to provide a copy of its proposed pleading, in and of itself, supports denying its request to amend. *See Lake v. Arnold*, 232 F.3d 360, 374 (3d Cir. 2000) (holding that even where the district court failed to provide a reason for its denial of plaintiffs' motion to amend the complaint, the court had not abused its power in denying the motion because plaintiffs'

"failure to provide a draft amended complaint would be an adequate basis on which the court could deny the [plaintiffs'] request"). Without a proposed pleading the parties and the Court cannot evaluate whether the pleading would be futile or suffer any other deficiency. Accordingly, Defendant's request to amend is hereby denied.

### IV. CONCLUSION

This matter having come before the Court on the motion of Defendant Amtrak to amend its answer; and the Court having considered same; and for good cause shown,

IT IS ON THIS 5th day of June, 2013:

**ORDERED** that Defendant's motion to amend its answer is hereby **DENIED;** and it is further

**ORDERED** that Defendant shall not file any further applications to amend without first requesting leave in accordance with the applicable scheduling order.



Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

6/5/2013 11:11:51 AM